# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| MICHAEL AND ABADELLA GANT, HUSBAND AND WIFE, | : No. 11 MAP 2024 |
| | : |
| | : Appeal from the Order of the |
| Appellants | : Commonwealth Court at No. 324 |
| | : MD 2021 dated December 6, 2023. |
| | : |
| v. | : |
| | : |
| | : |
| DEPARTMENT OF HUMAN SERVICES, | : |
| | : |
| Appellee | : |

## CONCURRING STATEMENT

**JUSTICE BROBSON**                                        **FILED:  February 19, 2025**

Appellants, Petitioners below, Michael and Abadella Gant (Gants), represented by counsel, initiated the action below in the Commonwealth Court's original jurisdiction by writ of summons on March 9, 2021.  Following service and the filing of an initial petition for review and preliminary objections, the Gants filed an Amended Petition for Review (Amended Petition) on January 3, 2022.  The Amended Petition included a single, unlabeled cause of action, seeking, *inter alia*, damages against Respondent Department of Human Services (DHS).  The Amended Petition alleges that DHS has refused to pay the Gants retroactively for attendant care services that they provided to their disabled daughter—Mikeisha—after the Secretary of DHS issued a January 21, 2021 Final Order (Final Order), determining that DHS had improperly terminated their daughter's medical assistance benefits on December 11, 2013.  Sadly, Mikeisha's life ended before her rights and interests were vindicated by the Secretary.

DHS lodged six preliminary objections in its effort to avoid any accountability for its improper termination of Mikeisha's benefits. The first, and ultimately successful one, raised the defense of sovereign immunity to the Gants' demand for damages. Once DHS raised the defense of sovereign immunity, it fell on the Gants, through their counsel, to direct the Commonwealth Court, and now this Court,[1] to show how their single, unlabeled cause of action, whatever it is, falls within a legislatively created exception to sovereign immunity. *See Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000). They failed. For this reason, the Commonwealth Court appropriately dismissed the Gants' Amended Petition, and I join the Per Curiam Order (PCO) affirming the Commonwealth Court's disposition in this regard.

The PCO, however, goes on to provide that the affirmance is "without prejudice for [the Gants] to pursue an enforcement action pursuant to 67 Pa. C.S. § 1105(d) ("Final determinations . . . decrees or decisions of the department . . . shall be subject to enforcement by Commonwealth Court.") if they so choose." Left to my own devices, I would not include reference to this statutory provision in the Court's PCO. Indeed, while the PCO cites to it, it does so *sua sponte* and without the benefit of any advocacy from the parties over its applicability to the Gants generally or to the Final Order issued by the Secretary, which is the foundation of the Gants' claim below. I agree, generally, that Title 67, Chapter 11 of the Pennsylvania Consolidated Statutes grants a "provider" of medical assistance services aggrieved by a DHS determination an administrative remedy to challenge that adverse determination, with a right to judicial review at its conclusion. At this time, however, I take no position on whether and to what extent the provisions of Title 67, Chapter 11 are available to the Gants to right the wrong they allege in their Amended Petition.

---

[1] Before this Court, the Gants are proceeding *pro se.*

It is important to note that it took the Bureau of Hearings and Appeals (BHA) and the Secretary *over 7 years* to conclude that DHS acted improperly in terminating Mikeisha's medical assistance benefits.  These benefits are vital and reserved for our most medically and financially vulnerable citizens.  I find it troubling, to say the least, that both the BHA and the Secretary would take so long to adjudicate finally Mikeisha's claim and that DHS would, apparently, do nothing to make Mikeisha's providers whole for DHS's improper action.  For those untrained in the law, the many statutes, regulations, forms, and procedures that permeate medical assistance programs represent insurmountable obstacles to securing needed services in a timely way.  It would have been refreshing, to say the least, to see DHS, upon receipt of the Final Order, work with the Gants to either ensure that they were made whole for the resources that DHS improperly denied to their daughter during her lifetime or, at least, aid the Gants in navigating the cumbersome administrative paths to secure that relief.  Instead, as gleaned from the record below, it appears to me that DHS abandoned the Gants and, by extension, their deceased daughter Mikeisha.  Our most vulnerable citizens deserve better from their government.

Justice Mundy joins this concurring statement.